FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAR 22 P 1:42
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CESAR ROBLES-GONZALEZ,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-212

SUZANNE HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Cesar Robles Gonzalez ("Gonzalez"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Gonzalez's petition should be **DENIED**.

### STATEMENT OF THE CASE

Gonzalez was arrested in the State of California on November 12, 1989, and was released on November 14, 1989.[1] (Doc. No. 1, pp. 2, 5). Gonzalez was arrested on March 3, 1990, based on an indictment arising from the District of Puerto Rico. On July 19, 1990, Gonzalez was convicted, after a jury trial, of: conspiracy to interfere with

---

[1] It is unclear on what basis Gonzalez was arrested in California. In addition, it appears that Gonzalez was arrested under the name "Ramon Ruben Camacho". (Doc. No. 1, p. 5). The undersigned notes this arrest because the Bureau of Prisons awarded Gonzalez credit for these three (3) days.

AO 72A
(Rev. 8/82)

commerce by threats or violence, in violation of 18 U.S.C. § 1951; and interference with commerce by threats of violence and principals, in violation of 18 U.S.C. §§ 2 and 1951. (Doc. No. 10-1, p. 19). Gonzalez escaped from custody on September 23, 1990, and was rearrested on September 14, 1991. (Doc. No. 10-1, p. 15; Doc. No. 1, p. 2). Gonzalez was sentenced for these convictions on October 15, 1991, and received 13 years' imprisonment.

Gonzalez was also indicted for his escape from federal custody based on the September 23, 1990, escape. Gonzalez escaped once again and was at large from January 6, 1992, through August 17, 1993. Gonzalez was sentenced based on his first escape on October 8, 1993, to 27 months' imprisonment, to be served consecutively to his first sentence. (Doc. No. 10-1, p. 15).

Gonzalez was then indicted based on his second escape on August 25, 1993. Gonzalez was sentenced on February 18, 1994, to 24 months' imprisonment. According to Respondent, this sentence was to be served concurrently with his 27 month sentence and consecutively to his 13 year sentence. (Doc. No. 10, p. 3).

Gonzalez was also indicted in the Central District of California on August 24, 1990. Gonzalez pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Gonzalez was sentenced on May 8, 1995, to 200 months' imprisonment on this conviction, which was aggregated with his escape convictions, for a total sentence of 227 months' imprisonment. (Doc. No. 10-1, p. 17). Gonzalez has a projected release date of September 20, 2015, via good conduct time. (Doc. No. 10-1, p. 15).

2

AO 72A
(Rev. 8/82)

In this petition, Gonzalez contends that he is entitled to credit against his sentence from November 12-14, 1989, and from the date he was indicted in California until his sentencing, absent the time he spent at large. Gonzalez asserts that he should be awarded 25 months' credit against his sentence. Respondent asserts that, after an adjustment was made awarding Gonzalez credit from November 12 through 14, 1989, he has received all of the credit against his sentence to which he is entitled.

## DISCUSSION AND CITATION TO AUTHORITY

Gonzalez was indicted in the Central District of California on August 17, 1990, under the name "Ramon Ruben Camacho".[2] (Case No. 2:90-cr-00626-R-12, C.D. Cal., Doc. No. 1). In the meantime, Gonzalez escaped from custody while he was awaiting sentencing in Puerto Rico on September 23, 1990. Gonzalez was arrested in the Southern District of Florida on September 14, 1991. (Id. at Doc. Entry dated Sept. 9, 1993). From January 6, 1992, until August 17, 1993, Gonzalez was at large. Gonzalez appeared before a United States Magistrate Judge in the Central District of California on October 24, 1994. (Id. at Doc. No. 251). Gonzalez was sentenced, after entering a guilty plea, on May 8, 1995. Gonzalez seeks credit from August 17, 1990 (the date of his California indictment), until May 8, 1995 (the date he was sentenced in California), minus the periods between September 23, 1990, through January 14, 1991, and January 6, 1992, through August 17, 1993 (the periods of time of Gonzalez spent at large after he escaped from custody).

---

[2] The undersigned's research, combined with Gonzalez's partial provision of the criminal case number in the Central District of California, uncovered information which would have been helpful for Respondent to provide. Instead, Respondent failed to notify the Court of Gonzalez's alias or with copies of some of the documentation Forest Kelly appeared to use in support of his declaration.

It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010).

To determine if Gonzalez is entitled to any additional credit toward his current sentence, it must first be determine to what credit Gonzalez is not entitled. Gonzalez was sentenced in Puerto Rico on October 15, 1991, to 13 years' imprisonment after his convictions for crimes committed before November 1, 1987. (Doc. No. 10-1, p. 20). Thus, this conviction and sentence fall under the "old law" for sentencing computation purposes. Program Statement 5880.30, Ch. I, p. 1. Gonzalez's other three (3) convictions occurred after November 1, 1987, and fall under the "new law". "A sentence imposed for an offense that occurred prior to November 1, 1987 ('old law' sentence) cannot be aggregated [i.e., joined] with a sentence imposed for an offense that occurred on or after November 1, 1987 (SRA or 'new law' sentence). Program Statement 5880.28, pp. 1—3, 1—5. Gonzalez was paroled from this 1991 sentence on April 2, 1999, which took into account the inoperative time for the times Gonzalez was at large due to his escapes. (Doc. No. 10-1, p. 11); Program Statement 5880.30, Ch. V, p. 1, Ch. VII, pp. 6-14 (discussing parole eligibility and inoperative time). Thus, Gonzalez's remaining sentences (for his escapes and his California conviction) commenced on April 2, 1999, and that is the date on which the Bureau of Prisons started the calculation of his current sentence.

"If the prisoner is . . . serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 ([m]ultiple sentences of imprisonment)

must be followed[.]" Id. at p. 1—12. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). In addition, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

Gonzalez's first sentence of 27 months' imprisonment for escape (second overall conviction) was ordered to be served consecutively to the 13-year sentence he was already serving. (Doc. No. 10-1, p. 15). Gonzalez's second sentence of 24 months' imprisonment for escape (third overall conviction) was ordered to be served concurrently with his 27-month sentence and consecutively to his 13-year sentence. The judgment imposed for Gonzalez's California sentence of 200 months' imprisonment was silent as to whether this sentence was to run consecutively or concurrently with any other sentence. (Case No. 2:90-cr-00626-R-12, Doc. No. 280) (C.D. Cal.). Thus, Gonzalez's 200-month sentence was to run consecutively to his other sentences. 18 U.S.C. § 3584(a). For the purposes of the Bureau of Prisons' sentence calculation, these three (3) sentences were aggregated as a single term of imprisonment of 227 months. 18 U.S.C. § 3584(c). Because these offenses occurred after November 1, 1987, Gonzalez could not begin "serving" this 227-month sentence until he was paroled from his original sentence on April 2, 1999. Accordingly, Gonzalez's term of imprisonment based on this 227-month aggregate sentence did not commence under 18 U.S.C. § 3585 until that date.[3] Thus, Gonzalez is not entitled to the awarding of any

---

[3] 18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

AO 72A
(Rev. 8/82)

additional credit prior to the imposition of his California sentence, which occurred on May 8, 1995.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Gonzalez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

 (1) as a result of the offense for which the sentence was imposed; or

 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Gonzalez's federal sentence at issue began on May 8, 1995, the date he was sentenced in California. Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence. As discussed in the body of this Report, Gonzalez is not entitled to additional credit against his current sentence.

(Rev. 8/82)

6