**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CESAR ROBLES-GONZALEZ,       :
                              :
        Petitioner,           :
                              :
    vs.                       :          CIVIL ACTION NO.: CV212-212
                              :
                              :
SUZANNE HASTINGS, Warden,     :
                              :
        Respondent.           :

## O R D E R

After an independent and *de novo* review of the entire record, the undersigned

concurs with the Magistrate Judge's Report and Recommendation, to which Objections

have been filed.  In his Objections, Petitioner Cesar Robles Gonzalez ("Gonzalez")

asserts that the Magistrate Judge and Respondent overlooked "the fact that the District

Court [judge] failed to properly apply" United States Sentencing Guideline §

5G1.3(b)(1) "by deducting from [his] sentence pronouncement any appropriate

deductions." (Doc. No. 14, p. 1). The Magistrate Judge and Respondent "overlooked"

Gonzalez's argument for one very good reason—Gonzalez did not raise this as an

assertion in his petition. (Doc. No. 1). Gonzalez makes this assertion for the first time

in his Objections, and this Court's usual practice is to not entertain assertions made for

the first time in Objections. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009). Even if

the Court were to consider this assertion, it does not appear that Gonzalez is entitled to

application of U.S.S.G. § 5G1.3(b)(1). Section 5G1.3(b)(1) applies only if § 5G1.3(a) does not apply and if the term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction[.]" U.S.S.G. § 5G1.3(b).[1] Based on the facts of this case, it appears that § 5G1.3(a) would apply to Gonzalez and not (b)(1).

Similarly, Gonzalez's contention that Respondent failed to contact the sentencing judge as to his "intention when [he] imposed the sentence violates [Bureau of Prisons'] own [p]olicy[,] Program Statement 5160.05(c)." (Doc. No. 14, p. 2).[2] This Program Statement states that, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau [of Prisons] implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." Program Statement 5160.05(c). The sentencing judge in Gonzalez's California sentencing of 200 months' imprisonment did not state whether that sentence was to run consecutively or concurrently. Thus, by statute, this sentence was to run consecutively to his other sentences. (Doc. No. 11, p. 5) (citing 18 U.S.C. § 3584(a)). In addition, the Court is not aware of Gonzalez having been convicted and sentenced in a state court or being incarcerated in a state facility prior to the imposition of this federal sentence. This Program Statement does not appear to apply to Gonzalez.

---

[1] "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a).

[2] This assertion was raised for the first time in Gonzalez's Objections.

AO 72A
(Rev. 8/82)

Gonzalez's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Gonzalez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ____ day of _____ June _____, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)